IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

VONDA SARGENT, as guardian ad litem for
PETER LUVAIN JERVAIS,

                        Plaintiff,,

        v.

STEPHEN HENDRICK, personal representative
for the ESTATE OF IAN DUNCAN, DR.
HARTWIG, DR. JOHN VARGO, DR. STEVEN
SHELTON, and DR. MICHAEL PUERINI,

                        Defendants.

CV-06-1230-ST

FINDINGS AND
RECOMMENDATION

STEWART, Magistrate Judge:

**INTRODUCTION**

       Plaintiff, a prisoner with the Oregon Department of Corrections ("ODOC"), filed this

case on August 25, 2006, alleging claims under 42 USC § 1983 against various ODOC

physicians for violations of the Eighth and Fourteenth Amendments based on a failure to protect

1 - FINDINGS AND RECOMMENDATION

from harm and denial of medical care.  Although already suffering from a brain injury, plaintiff

alleges that he was housed with a known violent offender in August 2004 who severely beat him

and caused additional, permanent and significant brain injury.  He alleges that he failed to

receive timely and necessary medical care and rehabilitative treatment, causing new injuries, and

had no meaningful review of his grievances.  In addition, he complains that in a criminal

restitution proceeding, ODOC sought and obtained reimbursement of all medical costs provided

to him in the sum of $38,183.99.

After obtaining three extensions of time (dockets #6, # 9, & #12), defendants filed a

Motion for Summary Judgment on July 20, 2007 (docket #13).  Shortly thereafter, in response to

the parties' joint request, this court stayed further proceedings pending resolution of plaintiff's

appeal of his most recent criminal conviction and restitution judgment pending before the

Oregon Court of Appeals (docket #19).  The parties believed that a successful appeal would

eliminate much of the damages and many of the issues in this case.

Two years later on August 13, 2009, after conclusion of the state court appeal, this court

lifted the stay (docket #34).  Prosecution of the case was further delayed in order to obtain a

guardian ad litem for plaintiff.  That task was finally accomplished on December 2, 2009 (docket

#43).  In response to this court's Order to Show Cause issued February 3, 2010 (docket #48), the

parties submitted a case management plan which the court adopted (docket #51).

On July 22, 2010, plaintiff filed a Motion to Dismiss in Part (docket #54), conceding

defendants' Motion for Summary Judgment as to all defendants except Dr. Shelton and seeking

to dismiss the pending claims for failure to protect and denial of medical care with prejudice.

The court granted that motion (docket #60) as unopposed.  In order to proceed on a due process

2 - FINDINGS AND RECOMMENDATION

claim only against Dr. Shelton for seeking payment of medical expenses from plaintiff in the

criminal proceeding, plaintiff also filed a Motion for Leave to File Amended Complaint (docket

#52), which defendants oppose.  For the reasons set forth below, the motion to amend should be

denied.

## STANDARDS

Under FRCP 15(a), after 20 days from the date when the initial complaint was served, "a

party may amend [its] pleading only by leave of court or by written consent of the adverse party;

and leave shall be freely given when justice so requires."  Deciding whether to grant leave to

amend, the Supreme Court has offered the following guidance:

> In the absence of any apparent or declared reason — such as undue
> delay, bad faith or dilatory motive on the part of the movant,
> repeated failure to cure deficiencies by amendments previously
> allowed, undue prejudice to the opposing party by virtue of
> allowance of the amendment, futility of amendment, etc. — the
> leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 US 178, 182 (1962).

Of these factors, consideration of prejudice to the opposing party carries the greatest

weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F3d 1048, 1052 (9th Cir 2003).

## FINDINGS

Defendants urge this court to deny the motion to amend because the proposed

amendment would produce an undue delay, substantially prejudice Dr. Shelton, and be futile.

Plaintiff is seeking leave to amend nearly four years after filing this case.  In addition, as

defendants contend, plaintiff could have raised his proposed due process claim against

Dr. Shelton in his original Complaint.  Dr. Shelton testified in favor of the restitution judgment

at plaintiff's sentencing hearing held on April 19, 2006, more than four months prior to the filing of this action on August 25, 2006. Williamson Decl. (docket #60), ¶¶ 2-3. However, to this court's knowledge, no discovery has been requested or provided in this case. Except for the appointment of a guardian ad litem, nothing of substance has occurred over the last four years except the filing of defendants' motion for summary judgment. Given that most of the delay in this case was due to defendants' requests for extension of time to file that motion and the parties' joint request for a stay pending resolution of plaintiff's appeal in state court, defendants' reliance on undue delay is hypocritical.

Furthermore, this court can discern no prejudice to Dr. Shelton by allowing the proposed amendment. Although defendants claim that the new claim would likely force the parties to conduct additional discovery, they do not specify what that discovery would entail. And, as previously noted, this court is unaware of any discovery being taken to date. Defendants may file another summary judgment motion, but they submit no evidence that the delay has hampered their ability to do so.

Despite the absence of undue delay or prejudice, plaintiff's motion to amend should be denied because his proposed claim for relief is futile. This court would lack jurisdiction under the Eleventh Amendment to hear the proposed claim, the wrong party is named as a defendant, and the proposed claim is subject to issue preclusion. "A district court does not err in denying leave to amend where the amendment would be futile, or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F2d 829, 843 (9th Cir 1991) (citations omitted).

Paragraphs 6 and 20 of the proposed amended complaint allege that Dr. Shelton, the chief medical officer for ODOC, "made the decision to seek reimbursement of medical costs incurred

4 - FINDINGS AND RECOMMENDATION

for Plaintiff in the criminal proceedings" and violated the Eighth and Fourteenth Amendments by "actively seeking a money judgment against Plaintiff in a criminal proceeding." It is undisputed that the state, represented by the prosecutor, decided to seek restitution against plaintiff, not Dr. Shelton. Williamson Decl. (docket #60), ¶ 2. Thus, even if Dr. Shelton approved of the state's decision to seek restitution, he did so in his official capacity.

Pursuant to the Eleventh Amendment, officials acting in their official capacities are immune from suit under 42 USC § 1983. The Eleventh Amendment provides that the judicial power of the United States, otherwise defined in Article III, "shall not be construed to extend to any suit in law or equity, commenced or prosecuted" against a state. A state and its officials sued in their official capacity are not considered "persons" within the meaning of § 1983 due to the sovereign immunity generally afforded states by the Eleventh Amendment. *Cortez v. County of Los Angeles*, 294 F3d 1186, 1188 (9th Cir 2002), citing *Will v. Mich. Dep't. of State Police*, 491 US 58, 70-71 (1989). Individual defendants have Eleventh Amendment immunity when sued in their official capacities because such suits "are, in essence, actions against the governmental entity of which the officer is an agent." *Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F2d 198, 201-02 (9th Cir 1988) (citations omitted), *cert denied*, 490 US 1081 (1989).

Because all alleged action taken by Dr. Shelton was within the scope of his professional role as chief medical officer of the ODOC, this court lacks subject matter jurisdiction over plaintiffs claim for relief against him under § 1983.

In addition, Dr. Shelton is the wrong defendant. The state prosecutor sought reimbursement of medical costs from plaintiff during the state court criminal proceeding, and a

circuit court judge authorized the restitution.  Williamson Decl., ¶ 2.  Because the prosecutor and
judge caused plaintiff's alleged injury, they are the proper defendants.

However, plaintiff would be precluded from adding the prosecutor and judge as
defendants due to the statute of limitations.  The two-year statute of limitations under
ORS 12.110(1) applies to a § 1983 claim.  *Sain v. City of Bend*, 309 F3d 1134 1139 (9th Cir
2002).  The claim accrues when the plaintiff knows, or has reason to know, of the injury which is
the basis of the action.  *Bagley v. CMC Real Estate Corp*., 923 F2d 758, 760 (9th Cir 1991), *cert
denied*, 502 US 1091 (1992).  Plaintiff was aware or should have been aware of his alleged
injury on April 19, 2006, when the state prosecutor sought a restitution judgment against him
and a circuit court judge ordered him pay restitution in the amount of $38,183.99.  Williamson
Dec., ¶ 2.  Thus, plaintiff had two years, or by April 19, 2008. to file his § 1983 claim against the
prosecutor and circuit court judge.  He did not do so.  Since neither the prosecutor nor the judge
was originally named as defendants, plaintiff's amendment would not relate back to the original
pleading under FRCP 15(c).

Finally, plaintiff's claim would be barred by issue preclusion.  Under the issue preclusion
doctrine, "once a court has decided an issue of fact or law necessary to its judgment, that
decision may preclude relitigation of the issue in a suit on a different cause of action involving a
party to the first case."  *Allen v. McCurry*, 449 US 90, 94 (1980) (citation omitted).  If a
particular claim would be barred under a state's law of collateral estoppel, then a § 1983 claim
would be barred as well.  *Id* at 94-96.

In Oregon, issue preclusion applies if: (1) "[t]he issue in the two proceedings is
identical"; (2) the issue actually was "litigated and was essential to a final decision on the merits

in the prior proceeding"; (3) "[t]he party sought to be precluded has had a full and fair

opportunity to be heard on that issue"; (4) "[t]he party sought to be precluded was a party or was

in privity with a party to the prior proceeding"; and (5) "[t]he prior proceeding was the type of

proceeding to which this court will give preclusive effect." *Barackman v. Anderson*, 338 Or

365, 368, 109 P3d 370, 372 (2005), *citing Nelson v. Emerald People's Utility Dist.*, 318 Or 99,

103, 862 P2d 1293, 1296 (1993).

    All of those elements are satisfied here.  In his state court appeal, plaintiff raised the issue

of whether the imposition of restitution violated his due process rights and specifically argued

that he was treated differently than others similarly situated.  Williamson Decl., ¶ 5.  An appeal

before the Oregon Court of Appeals is the type of proceeding to which Oregon courts give

preclusive effect.  Thus, plaintiff already had a full and fair opportunity to litigate issues in state

court that are identical to issues in his proposed § 1983 claim against Dr. Shelton.

///

///

///

///

///

///

///

///

**<u>RECOMMENDATION</u>**

7 - FINDINGS AND RECOMMENDATION

Because the proposed amendment would be futile, plaintiff's Motion to File Amended

Complaint (docket #52) should be DENIED, and a judgment should be entered dismissing this

case.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge.  Objections, if

any, are due October 18, 2010.  If no objections are filed, then the Findings and

Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a

copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings

and Recommendation will go under advisement.

DATED this 30th day of September, 2010.


s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge


8 - FINDINGS AND RECOMMENDATION